UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: BRYAN DANIEL BENNIE : CHAPTER 13
      Debtor :
 :
JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
      Movant :
 :
      vs. :
 :
BRYAN DANIEL BENNIE :
      Respondent : CASE NO. 1-22-bk-02454

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 26th day of January, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor's plan for the following reason(s):

1. Debtor's plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor's disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Marital adjustment calculation - Line 13.
   b. The debtor should not be allowed to deduct a vehicle expense on both Line 13 of the B22 C-1 Form and also on Line 13F of the B22C-2 Form.

2. Debtor(s)' plan violates 11 U.S.C. § 1325(a)(3) in that it has not been proposed in good faith. The debtor proposes to retain a Disney timeshare at the expense of creditors.

3. SOFA #27 lacks description.

4. Debtor's plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

    a. Residential real estate. The Trustee has requested proof of the value of the debtor's home as stated in his schedules.
    b. Disney timeshare

5. The Trustee avers that debtor's plan is not feasible based upon the following:

    a. The plan is underfunded relative to claims to be paid. The plan does not list even estimated amounts for mortgage arrearages.

6. The Trustee provides notice to the Court as to the ineffectiveness of debtor's Chapter 13 Plan for the following reasons:

    a. Paragraph 1B of the plan is incomplete.

WHEREFORE, Trustee alleges and avers that debtor's plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 6th day of February, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Dorothy Mott, Esquire
125 State Street
Harrisburg, PA 17101

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee